UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ROMERO DIAZ<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:23-cv-01758-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 4) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 22, 2023. On January 2, 2024, the Court ordered Plaintiff to pay the $405.00 filing fee or submit a complete application to proceed in forma pauperis within forty-five days. (ECF No. 3.)

On January 8, 2024, Plaintiff filed a motion for appointment of counsel. (ECF No. 4.) Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

1

section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks appointment of counsel based on the merits of his claims.  (ECF No. 4.) The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding pro se and with limited funds. These plaintiffs also must litigate their cases without the assistance of counsel.  Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:  **January 9, 2024**

_____
UNITED STATES MAGISTRATE JUDGE