UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ROMERO DIAZ<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 1:23-cv-01758-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 22, 2023.

On January 2, 2024, the Court directed Plaintiff to submit an application to proceed in forma pauperis or pay the filing fee within forty-five days. (ECF No. 3.)

On February 5, 2024, Plaintiff filed a motion to proceed in forma pauperis, along with a certified statement of his prison trust account. (ECF No. 8.)

**I.**

**DISCUSSION**

**A.   Application to Proceed In Forma Pauperis**

28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of

1

fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." A prisoner seeking to bring a civil action must, in addition to filing an affidavit, "submit a certified copy of the trust fund account statement ... for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff has filed an application declaring that, due to his poverty, he is unable to pre-pay the full amount of fees and costs for these proceedings or give security therefor, and that he believes that he is entitled to the relief sought in his complaint. On February 5, 2024, the Court received Plaintiff's prison trust account statement from Avenal State Prison. (ECF No. 8.) The statement provides that as of January 30, 2024, Plaintiff currently has $3,873.34 to his credit. Thus, the available balance in Plaintiff's account reflects that he can pay the $405.00 filing fee for this action.

Based on the foregoing, the information that Plaintiff has provided to the Court reflects that he is financially able to pre-pay the entire filing fee to commence this action. Although the Ninth Circuit Court of Appeals has held that "the filing fee ... should not take the prisoner's last dollar," Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995), in these circumstances, it appears Plaintiff has sufficient funds to pre-pay the $405.00 filing fee with money left over. Should Plaintiff have additional information to provide the Court, or should his available balance change by the time he receives this order, he may notify the Court. However, the Court has the authority to consider any reasons and circumstances for any change in Plaintiff's available assets and funds. See Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983) (district court may consider an unexplained decrease in an inmate's trust account, or whether an inmate's account has been depleted intentionally to avoid court costs). Therefore, Plaintiff's motion to proceed in forma pauperis must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $405.00 filing fee in full.

## II.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff motion to proceed in forma pauperis (ECF No. 8) be denied; and

2. Plaintiff be directed to pay the $405.00 filing fee for this action.

1  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 6, 2024**

UNITED STATES MAGISTRATE JUDGE